UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINSTON & STRAWN<br><br>   *Petitioner*,<br><br>v.<br><br>JANSSEN PRODUCTS, L.P. and PHARMA MAR, S.A.<br><br>   *Respondents*. | Misc. Case No. 1:22-mc-00114<br><br>(Arising from Case No. 3:20-cv-09369-GC-LHG in the United States District Court for the District of New Jersey) |

**WINSTON & STRAWN LLP'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO TRANSFER**

## **TABLE OF CONTENTS**

                                                                                              **Page**

I.   ARGUMENT............................................................................................................... 1

   A.  The District of New Jersey is very familiar with the issues underlying the motion to quash. 1

   B.  A transfer would also be judicially efficient and would avoid potentially conflicting rulings. ................................................................................................................... 2

II.  CONCLUSION ......................................................................................................... 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*EB Holdings II, Inc. v. Am. Int'l Grp., Inc.*,
  22 Misc. 70 (ER), 2022 WL 748098 (S.D.N.Y. Mar. 11, 2022) ................................................2

*Janssen Products, L.P., et al. v. eVenus Pharms. Labs. Inc., et al.*,
  Civil Acton No. 20-9369 (GC)(RLS) (D. N.J.) ........................................................................1

*SBA Commc'ns Corp. v. Fractus, S.A.*,
  No. 19 Misc. 130 (ER), 2019 WL 4879333 (S.D.N.Y. Oct. 3, 2019) .......................................2

**Other Authorities**

Fed. R. Civ. P. 30(a)(2)(A) ...............................................................................................................3

Fed. R. Civ. P. 45(f) .........................................................................................................................3

I.     ARGUMENT

Janssen Products, LP and Pharma Mar, S.A. ("Respondents") argue that this case should not be transferred to the District of New Jersey, where the underlying patent litigation is currently pending, because a new Magistrate Judge was recently assigned to the case. Therefore, in Respondents' view, because the recently assigned Judge supposedly does not have familiarity with the underlying case, the motion to transfer should be denied. Respondents' argument ignores the Magistrate Judge's actual and substantial involvement in the case (including recently holding oral arguments on the merits of the outstanding discovery issues and issuing decisions on virtually all of them), as well as the case law, all of which weigh in favor of transfer. Transferring the motion to quash to the District of New Jersey would also avoid potentially conflicting decisions on issues that underlie the propriety of the subpoena to the Defendants' trial counsel, Winston & Strawn.

> A.     **The District of New Jersey is very familiar with the issues underlying the motion to quash.**

The recently assigned Magistrate Judge—Judge Rukhsanah L. Singh—does indeed have deep familiarity with the underlying patent case. Despite having been relatively recently assigned to the case, Judge Singh has already reviewed the parties' multiple discovery disputes that were briefed to the court and that address issues overlapping with those covered in Winston & Strawn's motion to quash. In fact, the Judge had ordered further briefing on several issues, including the ***propriety of Respondents' recent subpoenas*** (of which the subpoena to Winston & Strawn was one). The Judge issued opinions on several disputes after reviewing the parties' papers. *Janssen Products, L.P., et al. v. eVenus Pharms. Labs. Inc., et al.*, Civil Acton No. 20-9369 (GC)(RLS) (D. N.J.), Dkt. 259-60, 263.

Following the briefing that was ordered, Judge Singh scheduled an in-person hearing on the outstanding issues, including the propriety of Plaintiffs' third-party subpoenas, and including

1

the subpoena to Winston & Strawn at issue before this Court. *Id.* at Dkt. 246. That hearing and oral argument occurred on May 5, 2022, and lasted for nearly three hours. *Id.* at Dkt. 278. Judge Singh made rulings and entered orders from the bench on the contested issues but deferred ruling on the Winston & Strawn subpoena, understanding that the current motion to quash and transfer was still pending before this Court. However, the Judge made rulings on discovery issues that underlie the propriety of the Winston & Strawn subpoena at issue here. It was evident that Judge Singh had expended much effort in understanding the issues in the case, and is deeply familiar with the discovery disputes that serve as Respondents' purported foundation for issuing a subpoena to Defendants' trial counsel. Indeed, she has now reviewed each discovery dispute, spoken to the parties about a majority of them during a three-hour hearing, and ruled on the disputes. Judge Singh is better positioned to decide Winston & Strawn's motion to quash because the foundational disputes giving rise to the subpoena (and whether the subpoena is appropriate) are being addressed by Her Honor.

      **B.**    **A transfer would also be judicially efficient and would avoid potentially conflicting rulings.**

The familiarity and involvement of the Judge in the District of New Jersey is not the only relevant factor. The Southern District of New York has transferred motions in miscellaneous actions "due to 'the posture and complexity of the underlying action,' 'risk of conflicting rulings,' [ ] to avoid unnecessary delay, . . . where the judge in the underlying case has already been managing discovery . . . and where that judge has more knowledge of the case that would help resolve the issues." *EB Holdings II, Inc. v. Am. Int'l Grp., Inc.*, 22 Misc. 70 (ER), 2022 WL 748098, at *1 (S.D.N.Y. Mar. 11, 2022) (citing *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19 Misc. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019)). That is precisely the case here. The District of New Jersey "has already been managing discovery" very closely, and Judge

Singh even indicated that Her Honor would be included on the parties' meet and confers, when needed. This Court should grant Winston & Strawn's motion to transfer to avoid the risk of conflicting rulings on the underlying issues, including those that form the basis for Respondents' purported need to take "process based discovery." For example, the District of New Jersey ruled on May 5 that Respondents must limit the number of deposition notices and subpoenas they served because they had exceeded the number of depositions permitted by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(a)(2)(A) (requiring a party to "obtain leave of court" if "a proposed deposition would result in more than ten depositions being taken . . . ."). The subpoena to Winston & Strawn at issue here is one of those subpoenas. Judge Singh also ruled that there is to be no further discovery requested by Plaintiffs without leave of court. Moreover, the Judge made rulings on discovery disputes, clarifying the documents that must be produced in the underlying case, but entered no order permitting "process based" discovery such as that sought by Respondents' subpoena at issue here.

There is substantial overlap between the disputes before the District of New Jersey and the motion to quash at issue here. Moreover, Judge Singh indicated that Her Honor will address discovery disputes quickly when they arise, given the tight schedule in the underlying patent case that was entered yesterday. Therefore, transferring this dispute back to the District of New Jersey will avoid the risk of conflicting rulings, avoid delay, and achieve maximum judicial efficiency.

Finally, given that Winston & Strawn consents to the transfer of its motion to quash, and because transfer is warranted for all the reasons given above, this Court should order such a transfer pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.

## II.     CONCLUSION

Because (i) Winston & Strawn—the subpoena recipient—consents to the transfer, (ii) the District of New Jersey is better situated to address the dispute based on its involvement in the underlying case, and (iii) there is a risk of conflicting rulings, this Court should grant Winston & Strawn's motion to transfer.

Dated:  May 6, 2022

       /s/     *Ivan M. Poullaos*
Ivan M. Poullaos (*pro hac vice*)
35 West Wacker Drive
Chicago, IL 60601
Ph: (312) 558-5600
Fax: (312) 558-5700
IPoullao@winston.com

*Attorney for Winston & Strawn*
*(and Defendants, eVenus Pharmaceuticals*
*Laboratories Inc., Jiangsu Hengrui*
*Pharmaceuticals Co., Ltd., and Fresenius*
*Kabi USA, LLC in underlying action)*